UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-15-05790-MWF (PLA)     Date:  October 29, 2015
Title:    Alvin Roy Brown -v- Select Portfolio Servicing, Inc.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE DEFENDANTS' MOTION TO DISMISS [16]

Before the Court is Defendants Select Portfolio Servicing, Inc., U.S. Bank, National Association, and Quality Loan Service Corporation's Motion to Dismiss (the "Motion"). (Docket No. 16). Plaintiff Alvin Roy Brown did not file an Opposition.

The Court has read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Therefore, the hearing scheduled for November 9, 2015, is hereby taken off calendar.

Under Local Rule 7-9, Plaintiff was required to file an Opposition to Defendants' Motion no later than 21 days before the hearing. *See* Local Rule 7-9. Defendants' Motion was noticed for a hearing on November 9, 2015. (Docket No. 16). Accordingly, Plaintiff's Opposition was due on October 26, 2015. To date, Plaintiff has not filed any opposition, *see* Local Rule 7-9, or a statement of non-opposition, *see* Local Rule 7-16.

Under Local Rule 7-12, the failure to file any required document within the deadline may be deemed consent to the granting of the motion. As discussed below, however, the Court finds that the Court does not have subject matter jurisdiction in this case. There is no federal question jurisdiction and diversity jurisdiction is defeated by the California citizenship of Quality Loan Service Corporation ("QLS"), which the

---

**CIVIL MINUTES—GENERAL**                                                     1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV-15-05790-MWF (PLA)  Date: October 29, 2015
Title: Alvin Roy Brown -v- Select Portfolio Servicing, Inc.

Court finds is not a nominal party to the case. Therefore, the Court **REMANDS** the action to Los Angeles County Superior Court.

**Background**

On June 26, 2015, Plaintiff initiated this action by filing a Complaint in Los Angeles County Superior Court against Defendants. (Docket No. 1, Ex. A). In the Complaint, Plaintiff alleged three claims for relief, all arising under California state law. (*Id.*). The Complaint was served on June 30, 2015. (Docket No. 1, at 2).

On July 30, 2015, Defendants removed the action to this Court. (Docket No. 1). In their removal papers, Defendants assert the existence of diversity jurisdiction because complete diversity exists as to all named defendants, excluding QLS, which Defendants claimed was only a nominal party. (*Id.* at 2–3). According to Defendants, QLS' citizenship as a California corporation should be disregarded because QLS "filed a declaration of non-monetary status ('DNMS') pursuant to *California Civil Code* § 2924(l)." (Docket No. 1, at 4). Therefore, Defendants claim, "QLS has transformed itself into a nominal defendant in this action." (*Id.*).

On August 7, 2015, Defendants filed a Motion to Dismiss. (Docket No. 8). Plaintiff did not file an Opposition but instead filed a First Amended Complaint ("FAC") on August 28, 2015. (Docket No. 10). On August 31, 2015, the Court denied as moot Defendants' first Motion to Dismiss but granting Defendants until September 21, 2015, to file its response. (Docket No. 11).

According to the FAC, Plaintiff's principal place of residence is in California. (FAC, Docket No. 10, at 2). Furthermore, the Complaint alleges that each Defendant is "a corporation, association, partnership, joint venture, and/or sole proprietorship doing business in California." (*Id.* at 2–4). The FAC asserts two additional claims under California state law. (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-15-05790-MWF (PLA)　　　　　Date:  October 29, 2015
Title:　　Alvin Roy Brown -v- Select Portfolio Servicing, Inc.

　　　　On September 23, 2015, Defendants filed an untimely second Motion to Dismiss.  (Docket No. 16).  As discussed above, Plaintiff did not file an Opposition.

**Subject Matter Jurisdiction**

　　　　This Court has a *sua sponte* obligation to confirm that it has subject matter jurisdiction.  *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . .'" (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002))).

　　　　"For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law."  *K2 Am. Corp. v. Rolland Oil & Gas, LLC*, 653 F.3d 1024, 1032 (9th Cir. 2011) (citation and internal quotation marks omitted).  Importantly, there is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392–93 (1987).

　　　　Here, the FAC asserts only claims arising under California state law, specifically various sections of California Civil Code, California's Unfair Competition Law, and the doctrine of breach of implied covenant of good faith and fair dealing.  (Docket No. 10).  The FAC does not arise under federal law, and the Court thus does not have federal question jurisdiction.

　　　　Moreover, the Court concludes that subject matter jurisdiction based on diversity of citizenship is also inapplicable here.  Subject matter jurisdiction based on diversity of citizenship exists only where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship.  28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

　　　　"A party's residence is 'prima facie' evidence of domicile."  *Zavala v. Deutsche Bank Trust Co. Americas*, C 13–1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10,

---

**CIVIL MINUTES—GENERAL**　　　　　　　　　　　　　　　　　　　　　　3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV-15-05790-MWF (PLA) | Date:  October 29, 2015 |
| Title:     Alvin Roy Brown -v- Select Portfolio Servicing, Inc. | |

2013) (citation omitted); *see also Martingale Investments LLC v. Evans*, No. CV 12-09502 SJO CWX, 2012 WL 5902352, at *1 (C.D. Cal. Nov. 26, 2012).  In the absence of evidence to the contrary, a party will be treated as a citizen of its state of residence for federal diversity purposes.  *See id.*  For federal diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181–82 (9th Cir. 2004) (citing 28 U.S.C. § 1332(c)(1)) (quotation marks omitted).

Plaintiff alleges in the FAC that his primary place of residence is in the County of Los Angeles, California.  (FAC, Docket No. 10, at 2).  In the absence of evidence to the contrary, Plaintiff is considered a citizen of California for federal diversity purposes.  *See Zavala*, 2013 WL 3474760, at *3.

The Court takes judicial notice that QLS is incorporated in California with its principal place of business in San Diego, California.  *See* Cal. Sec'y of State Website, *Business Entity Detail for Quality Loan Service Corporation*, *available at* http://kepler.sos.ca.gov; *see also Franklin v. Eisner*, No. 96-CV-935 JSB, 1996 WL 406795, at *1 (N.D. Cal. July 12, 1996) (taking judicial notice of Walt Disney Company's state of incorporation and place of principal business); *Options Nat. Fertility Registry v. Am. Soc. for Reprod. Med.*, No. C 07-5238JF(HRL), 2008 WL 5115036, at *1 (N.D. Cal. Dec. 3, 2008) (taking judicial notice of incorporation records on the Alabama Secretary of State's website).  Therefore, QLS is a California citizen for purposes of diversity jurisdiction.

Defendants acknowledge that QLS is a California citizen, but argue that QLS' citizenship should be set aside because QLS is a nominal party. (Docket No. 1, at 4). Defendant contend that "QLS's citizenship is irrelevant to the diversity inquiry because it filed a declaration of non-monetary status" and thereby "transformed itself into a nominal defendant."  (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-15-05790-MWF (PLA)Date:  October 29, 2015
Title:Alvin Roy Brown -v- Select Portfolio Servicing, Inc.

For purposes of diversity jurisdiction, the courts ignore the citizenship of nominal parties "who have no interest in the action" and "are merely joined to perform [a] ministerial act." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000). Defendants, as the removing parties, bear the burden of establishing that QLS is a nominal party. *Silva* v. *Wells Fargo Bank NA*, No. CV 11-3200 GAF JCGX, 2011 WL 2437514, at *3 (C.D. Cal. June 16, 2011) ("[T]he burden of demonstrating that the defendant is a nominal party rest[s] with the removing party." (citation omitted)).

California Civil Code Section 29241 provides a mechanism for excusing trustees under a deed of trust from participating in an action or proceeding in which the deed of trust is the subject of the dispute. Under Section 29241, a trustee is excused from the proceedings if it files and serves a DNMS and no objection is made within fifteen days of service. *See* Cal. Civ. Code § 29241(d). If the trustee serves the DNMS by mail, the parties have twenty days from the date of deposit to object. See Cal. Civ. Proc. Code § 1013(a). A trustee may file a DNMS if it "knows or maintains a reasonable belief that it has been named as a defendant in the proceeding solely in its capacity as trustee under the deed of trust" and not because of any acts or omissions in the performance of its duties as trustee. Cal. Civ. Code § 29241(b).

QLS filed a DNMS, which was served on July 13, 2015. (Docket No. 1, at 4). Defendants argue that, because QLS filed a declaration of non-monetary status, QLS is a nominal party. It is unclear whether Plaintiff filed an objection. Nevertheless, the Court concludes that the case law is far from clear that an unopposed DNMS conclusively renders a defendant a nominal party. *See Raissian v. Quality Loan Serv. Corp.*, No. CV 14-07969 BRO AGRX, 2014 WL 6606802, at *4 (C.D. Cal. Nov. 19, 2014) (collecting cases).

The Court need not resolve the issue at this time because, regardless of whether an unopposed DNMS may render a trustee a nominal party, QLS cannot be deemed a nominal defendant because the FAC clearly demonstrates that QLS is not a mere stakeholder. The Court need not regard a trustee as a nominal party where the FAC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV-15-05790-MWF (PLA)   Date: October 29, 2015
Title:   Alvin Roy Brown -v- Select Portfolio Servicing, Inc.

pleads substantive allegations against and seeks money damages from the trustee. *See, e.g.*, *Latino v. Wells Fargo Bank, N.A.*, No. 2:11–CV–02037–MCE, 2011 WL 4928880, at *3 (E.D. Cal. Oct.17, 2011).

Here, Plaintiff's prayer for relief seeks damages against all Defendants and also specifically alleges wrongdoing by QLS in Claims I, II, and IV of the FAC for, *inter alia*, non-compliance with Cal. Civ. Code § 2923.55(b)(2), prematurely recording a notice of default, recording a false declaration, and unfair and deceptive business practices. (*See* Docket No. 10 ¶¶ 36, 44, 63, and 58). In cases "where the complaint pleads substantive allegations [] and seeks money damages" against a defendant, that defendant cannot be deemed a nominal party. *See, e.g.*, *Raissian*, 2014 WL 6606802, at *4; *accord Jenkins v. Bank of Am., N.A.*, No. CV 14-04545 MMM JCX, 2015 WL 331114, at *10-11 (C.D. Cal. Jan. 26, 2015) (collecting cases). Based on these facts, the Court cannot conclude that QLS was joined as a nominal party merely to facilitate collection; rather, it appears that QLS has a sufficient stake in the action such that QLS may not be considered a nominal party for purposes of diversity jurisdiction. The Court must assume the truth of Plaintiff's allegations. *See Nasrawi v. Buck Consultants, LLC*, 713 F. Supp. 2d 1080, 1084 (E.D. Cal. 2010). Assuming these allegations are true, QLS has a sufficient stake in the outcome of these proceedings such that it cannot be deemed a purely nominal defendant.

This result is further supported by the decision of other courts in this District similarly concluding that QLS is not a nominal party despite its status as a trustee for mortgage servicers implicated in litigation regarding mortgage loans. *See, e.g.*, *Raissian*, 2014 WL 6606802, at *4.

"It may be that, on the merits, Plaintiff cannot make out a claim against [QLS], but the Court does not engage in that merits determination simply for purposes of assessing whether subject matter jurisdiction exists." *Castle v. Bank of Am., N.A.*, No. CV 15-1657-GW ASX, 2015 WL 1842726, at *2 (C.D. Cal. Apr. 20, 2015). Because Defendants have failed to meet their burden of showing that QLS is a nominal party, the presence of this California defendant defeats complete diversity, and consequently,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.** CV-15-05790-MWF (PLA)        **Date:** October 29, 2015

**Title:**     Alvin Roy Brown -*v*- Select Portfolio Servicing, Inc.

diversity jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1332(a). Based on the lack of complete diversity, the Court does not need to reach the issue of whether the amount in controversy exceeds the $75,000 threshold.

    The Court has neither federal question nor diversity jurisdiction over the claims in the FAC. Accordingly, the Court **REMANDS** the action to the Superior Court of the State of California for the County of Los Angeles (Case No. YC070688). Because the Court did not need to rely on the materials submitted concurrently in Defendants' Request for Judicial Notice (Docket No. 16-1), the Request is hereby **DENIED** *as moot*.

    IT IS SO ORDERED.